U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 1 4 2017

TONY R. MOORE  CLERK
BY _____
                    DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARIO BARREDA, ET AL.** | * | **CIVIL ACTION NO. 2:14-CV-02538** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE TRIMBLE** |
| **AEROFRAME SERVICES LLC, ET AL.** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE KAY** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### JUDGMENT

For the reasons stated in the Report and Recommendation (Rec. Doc. 20) of the Magistrate

Judge previously filed herein, after consideration of the Objection filed by the plaintiffs (Rec. Doc.

21), consideration of the Response filed by Aviation Technical Services, Inc. (ATS) (2:14-cv-

00990, *Blanton v. Aeroframe Services, LLC*, Rec. Doc. 29),[1] an independent review of the record,

and a *de novo* determination of the issues; the court determines that the findings are correct under

applicable law. The court adopts the Report and Recommendation which bases its conclusions on

the Cox, Cox, Filo, Camel & Wilson Law Firm's ("the Cox Law Firm") actual concurrent

representation of the plaintiffs and Roger Porter, the sole member and CEO of Aeroframe Services,

LLC. The parties are realigned based on the Cox Law Firm's argument that the plaintiffs and Porter

have validly waived the conflict of interest which stems from the concurrent representation. This

waiver could not be valid unless the plaintiffs and Aeroframe Services, LLC are not adverse

parties. While Porter is not a party in this particular case, the firm is still representing Porter in

---

[1] While filed only in *Blanton*, the Response references the above-captioned case. ATS also filed a Response to the Objection to the Report and Recommendation (Rec. Doc. 42) in 14-cv-00983, *Warner v. Aeroframe Services, LLC*. While the Response does not refer to the above-captioned case, it responds to the objections made in all of the cases, and it has been considered by the court in all of the cases. Also, all of the attorneys in all of the cases were put on notice of the Response when it was filed in *Warner v. Aeroframe Services, LLC*.  In this Response, ATS describes how the behavior of the Cox, Cox, Filo, Camel & Wilson Law Firm is sanctionable under Rule 11 and 28 U.S.C. § 1927. However, because ATS did not formally move for the court to sanction the firm, the court will not do so at this time.

substantially similar cases,[2] and unless the plaintiffs and Aeroframe Services, LLC have resolved their claims, this representation would create a nonconsentable concurrent conflict of interest. *See* La. St. Bar Art. 16, Rules of Prof. Conduct Rule 1.7(b). Accordingly,

**IT IS ORDERED** that the plaintiffs' Motion to Remand and Motion for Attorney's Fees (Rec. Doc. 8) are **DENIED.**

**THUS DONE AND SIGNED** in Alexandria, Louisiana, this 14 day of February, 2017.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[2] 2:14-cv-00983, Warner v. Aeroframe Services, LLC; 2:14-cv-00984, Adams v. Aeroframe Services, LLC; 2:14-cv-00985, Boring v. Aeroframe Services, LLC; 2:14-cv-00986, Cleaves v. Aeroframe Services, LLC; 2:14-cv-00987, Cooley v. Aeroframe Services, LLC; 2:14-cv-00988, Gallow v. Aeroframe Services, LLC; 2:14-cv-00989, Decolongon v. Aeroframe Services, LLC; 2:14-cv-00991, Rackard v. Aeroframe Services, LLC; 2:14-cv-00992, Ashford v. Aeroframe Services, LLC.